### STATE ex JOHNSON, Plaintiff-Appellee, v. RUFFIN, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21959. Decided November 13, 1950.

J. P. Dragga, Cleveland, for plaintiff-appellee.
Jonas Abrams, Cleveland, for defendant-appellant.

## OPINION

By HURD, J:

While this is an appeal on questions of law from Juvenile Court in a bastardy proceeding, we have before us for immediate consideration only the motion of the appellant "to compel the trial judge to complete transcript and file same in this court." This motion is directed to the proceedings held before the Judge of Juvenile Court on May 19, 1950, the day of the preliminary examination of the complainant, under oath, in pursuance of the provisions of §12111 GC.

It should be noted that heretofore the defendant on this appeal filed a Bill of Exceptions containing a transcript of the proceedings held before the trial judge on June 19 and June 26 respectively on a motion by appellant to be permitted to change his plea from "guilty" to "not guilty." It is claimed by defendant that all of the proceedings of the preliminary hearing of May 19, 1950, were transcribed by a stenographer and court attache and later introduced as part of the evidence and proceedings on June 26, 1950 by the trial judge. Unfortunately for the defendant the Bill of Exceptions containing all of these proceedings was not filed until forty-nine days after the final order and on motion was stricken from the record because not filed within the time required by law.

The transcript filed in this court sets forth the written examination of the complainant in answer to questions propounded by the trial judge, duly subscribed by the complainant, and on its face appears to be regular in all respects.

In addition the transcript of the record shows by journal entry of May 19, 1950 (Journal 43 p. 1077), that the charge was read to defendant to which he first entered a plea of "not guilty" and then upon being ordered to furnish cash bond in the sum of Three Hundred Dollars ($300.00), the minimum amount required by law, the defendant entered a plea of "guilty" as charged in the complaint. Thereafter on the 26th day of May, 1950, the defendant filed a motion to change the plea to "not guilty" and it is from the order overruling the motion to change plea that appeal is had to this court.

Secs. 12111 and 12112 GC provide as follows:

"Sec. 12111 GC: Examination. On the return of the warrant the justice or judge shall examine the complainant, under oath, in the presence of the accused, respecting the

cause of her complaint. The accused shall be permitted also to ask her, when under oath, any question he may think necessary for his defense."

"**Sec. 12112 GC**: Reduce to Writing. The examination of complainant by the judge or justice, the questions of the defendant and the answers thereto by her, must be reduced to writing in the presence of the judge or justice, and subscribed by her."

By these sections which are clear and unambiguous, provision is made for the examination of the complainant under oath by the trial judge and the accused and for the reduction thereof to writing which shall be done "in the presence of the judge or justice and subscribed" by the complainant.

It is well settled that no witness other than the complainant can be examined upon preliminary hearing and the trial judge is authorized to administer the oath only to the complainant. See **Hamm v. Wickline, 26 Oh St 81; Walker v. Chandler, 15 Oh Ap 292.**

Obviously the defendant is entitled to have before this court in writing the questions of the trial judge and of the accused (if any) and the answers of the complainant, and in this respect the statutory requirements have been met. But the defendant is not entitled to an order from this court requiring the trial judge to incorporate into the transcript other proceedings had at that time or at a later time by way of substitution for a bill of exceptions.

It is a fundamental proposition of law that a court of record speaks through its records alone. See Section 14. Judicial Records. **35 O. Jur. page 17,** where the author, supported by Ohio cases too numerous to cite, states in part as follows:

"A court speaks through its records alone; it is, therefore, a long-established general rule that in judicial proceedings of a court of record of competent jurisdiction, the record is conclusive and imports absolute verity. This is true of a probate court acting as a juvenile court, as well as of a municipal court. * * *."

**Secs. 12111 and 12112 GC,** above quoted, do not require the judge of Juvenile Court to include as part of the transcript all of the proceedings which took place at the preliminary hearing and this court is without jurisdiction to compel the trial judge to do anything other than is provided by law.

Therefore, without in any wise determining the merits of this appeal we conclude that the motion to compel the trial judge to add to or complete the transcript of all the proceedings on the preliminary hearing of May 26, 1950, must be and is overruled. Exceptions allowed.

SKEEL, PJ, McNAMEE, J, concur.